# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL BRAXTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1542 JAR |
| | ) | |
| JENNIFER JOYCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court are various filings from plaintiff, including a complaint, sealed exhibits to his complaint, supplemental exhibits, as well as plaintiff's motion to proceed in forma pauperis. Although the Court will grant plaintiff's motion to proceed in forma pauperis, it will require plaintiff to file a second amended complaint on a court-form for the reasons set forth below.

## Legal Standard

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

1

context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id*. at 679.

## The Complaint

In plaintiff's complaint and supplemental filings, he asserts that he was incarcerated on January 10, 2014 at the St. Louis Justice Center and charged with two counts of first degree sodomy.  Plaintiff states that he was held at the Justice Center for approximately 18 months, pursuant to criminal case *State v. Braxton*, No. 1422-CR00012 (22nd Judicial Circuit, St. Louis City).[1]  Plaintiff fails to state what caused his release from the Justice Center and what became of his case in the St. Louis City court, although he states in his complaint that he "was released in the spring of 2015."[2]

Plaintiff claims that he was damaged by being held for 18 months in the Justice Center by "forfeiture of [his] children," and "[forfeiture] of [his] home" (due to failure to maintain property taxes), and "[loss] of [his] employment."

Plaintiff asserts generally that "city governmental agents" acted indifferently and caused him pain and suffering damages.

---

[1] The Court has been unable to find a record of this criminal action on Missouri.Case.Net.
[2] In his amended complaint plaintiff should state how he came to be released from the St. Louis City Justice Center.

**Discussion**

As stated, it appears that plaintiff is attempting to bring an action for false arrest, false imprisonment and/or malicious prosecution. However, as pled, plaintiff's allegations fail to state a claim upon which relief may be granted. Plaintiff has not connected even one of the named defendants to his allegations alleged in the complaint. Plaintiff should understand that liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In the instant action, plaintiff has not set forth any facts indicating that defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint, as written, fails to state a claim upon which relief can be granted.

Because plaintiff's allegations are spread throughout several documents, it is difficult for the Court to review his assertions pursuant to 28 U.S.C. § 1915. Because plaintiff's claims are serious in nature, the Court will provide plaintiff an opportunity to amend his allegations. Accordingly, plaintiff will be required to file an amended complaint, on a court-form, containing all of the allegations he wishes to bring against defendants. Simply put, **all** claims in this action must be included in one, centralized complaint form. Plaintiff must follow the Court's instructions relating to the filing of his amended complaint, as set forth below, or he will face dismissal of his action, without prejudice.

Plaintiff is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.[3] Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. And Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff must also clearly state the defendants which he is pursuing allegations against, and he must clearly identify the name and title of each defendant. He must also articulate, <u>for each of those defendants</u>, the factual circumstances surrounding their alleged wrongful conduct. Plaintiff's failure to make specific and actionable allegations against any of the defendants will result in their dismissal from this case. Plaintiff should also articulate in what capacity he is bringing claims against defendants, whether it is in their official or individual capacities or both. *See Monell v. Department of Social Services,* 436 U.S. 658, 690-91 (1978).

Plaintiff shall have thirty (30) days from the date of this Order to file his amended complaint. Plaintiff is warned that the filing of the amended complaint **completely replaces** the original and any supplemental complaints, and claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file his amended complaint within thirty (30) days, the Court will dismiss this action without prejudice.

---

[3] Plaintiff's complaint must also comply with Local Rule 5-2.17, titled "Redaction of Personal Identifiers." The Rule requires that only the initials of minor children may be listed in public filings in this Court. L.R. 5-2.17(A)(2). If redaction is necessary, plaintiff must, in addition to the redacted filing, file under seal with the Court, either (1) an unredacted copy of the document, or (3) a reference sheet containing a key to the redacted personal identifiers.

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Order, a blank complaint form for the filing of a civil complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, **no later than thirty (30) days from the date of this Order**.

**IT IS FURTHER ORDERED** that in plaintiff's amended complaint plaintiff should state how he came to be released from the St. Louis City Justice Center.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, it will be subject to review under 28 U.S.C. § 1915.

Dated this 5th day of November, 2015.

_/s/ John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE