UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATHANIEL BRAXTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV1542 JAR |
| | ) |
| JENNIFER JOYCE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's amended complaint, filed by plaintiff on December 3, 2015. After reviewing the amended complaint, the Court will dismiss the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Additionally, to the extent the amended complaint contains any state law claims, those claims will be dismissed pursuant to 28 U.S.C. § 1367(c)(3).

### Legal Standard

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

1

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Amended Complaint

In plaintiff's amended complaint, he asserts that he was arrested by the St. Louis Police Department on January 10, 2014, and charged with two counts of first degree sodomy. Plaintiff states that he was held at the Justice Center for approximately 18 months, pursuant to criminal case *State v. Braxton*, No. 1422-CR00012 (22nd Judicial Circuit, St. Louis City). The Court takes judicial notice of the fact that evidence of a crime was presented against plaintiff in front of a St. Louis City Grand Jury, an indictment for the crime of sodomy was returned and probable cause was found for an arrest warrant to be issued against plaintiff. Plaintiff was arrested and held in the St. Louis City Justice Center until he was tried by a jury and found not guilty of the crimes for which he was charged on June 3, 2015.

Plaintiff claims Jennifer Joyce, the Circuit Attorney for the City of St. Louis, should not have issued an arrest warrant against him because the lab tests run on the alleged victim were "at best, inconclusive." Plaintiff claims that defendant Joyce also failed to respond to his requests for speedy trial and for discovery during the pre-trial process.

Plaintiff also claims that his public defender, David Staley, breached his "duty to timely bring this matter before the court" by requesting continuances, and then being granted a recusal by the court, presumably to withdraw from representing plaintiff at some point in the proceedings.

Plaintiff additionally claims that Leonard Edwards, the Superintendent of the St. Louis City Justice Center, "falsely imprisoned" him by leaving him "lost in the system" for 18 months. Plaintiff has not elaborated on this claim or indicated why he believes he was "lost in the

2

system" while he was staying at the Justice Center awaiting his trial after he was arrested for the alleged crime of sodomy, for which he stood trial. Plaintiff states only that defendant Edwards was ultimately responsible for him being "lost in the system" because he was in charge of the Justice Center. Plaintiff seeks to hold defendant Edwards responsible through the doctrine of respondeat superior, claiming that he is responsible for the acts of his agents.

Similarly, plaintiff states that Chief of the City of St. Louis Police, Sam Dotson, should be held responsible for plaintiff's "alleged unlawful arrest" and for his incarceration for a period of 18 months. Plaintiff states that he believes defendant Dotson is responsible "through his underlings." He seeks to hold defendant Dotson responsible through the doctrine of respondeat superior. Plaintiff does not state who the individual police officer was who arrested him, but he has stated that it was not defendant Dotson.

Last, plaintiff alleges that defendant Richard Gray, the acting Director of Public Safety for the City of St. Louis should also be held responsible for plaintiff's time in the Justice Center, which again, he believes to be unlawful. Plaintiff believes that Mr. Gray should be held responsible as a member of the Board of Police Commissioners, and again, through the doctrine of respondeat superior.

Plaintiff states that his damages include loss of his parental rights, as well as 18 months of incarceration, loss of employment, and loss of his residence due to delinquent taxes. Plaintiff seeks monetary damages in addition to the aforementioned.

### Discussion

At the outset, the Court notes that plaintiff has not alleged the capacity under which he is suing the defendants in this action. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only

3

official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The amended complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the amended complaint fails to state a claim upon which relief can be granted.

Even if the Court were to allow plaintiff to amend his complaint to allege the proper capacity against defendants, his complaint would still be subject to dismissal. Plaintiff has failed to assert any allegations against defendants Bettye Battle-Turner, David Rudolph, Joseph Spence, Erwin O. Switzer, Thomas Irwin, Christian Stamper, Antony Boettigheimer or Frances Slay. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). As a result, plaintiff's claims against these defendants are subject to dismissal. To the extent plaintiff believes these individuals can be held liable, in their official capacity, because they are individual members of the St. Louis Board of Police Commissioners, plaintiff is incorrect. *See* FN.2 *infra.*

4

Plaintiff's claims are also legally frivolous with respect to Leonard Edwards, Sam Dotson and Richard Gray. Plaintiff's allegations against each of these individuals rest on the doctrine of respondeat superior. As noted above, plaintiff believes that Dotson should be held responsible because one of his officers arrested him pursuant to a warrant sworn out by prosecutor Joyce. Plaintiff also believes Edwards should be held responsible for keeping him in the Justice Center during the 18 months he was awaiting trial on the sodomy charge prosecuted by Joyce.[1] Plaintiff additionally believes that Gray should be held liable for the 18 months he was held for trial, simply because he is a member of the Board of Police Commissioners.[2] Plaintiff's allegations sound in respondeat superior, which is inapplicable in § 1983 actions. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). Accordingly, plaintiff's claims against defendants Dotson, Gray and Edwards are subject to dismissal.

Plaintiff's amended complaint is legally frivolous as to defendant Joyce because, where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is

---

[1] Plaintiff, himself, notes that he was being held in the Justice Center pursuant to a warrant sworn out by Joyce based on lab tests that plaintiff believes were inconclusive "at best."

[2] The Court takes judicial notice of St. Louis City Ordinance 69489 establishing a locally controlled, municipal police department effective September 1, 2013, pursuant to passage of Proposition A by the voters of the State of Missouri on November 6, 2012. *See* Mo.Rev.Stat. § 84.344.4. Pursuant to Ordinance 69489, the City of St. Louis assumed control of the St. Louis Metropolitan Police Department from the St. Louis Board of Police Commissioners and accepted responsibility, ownership and liability as successor-in-interest for contractual obligations, indebtedness, and other lawful obligations of the Board of Police Commissioners. This occurred prior to the date plaintiff asserts he was wrongfully arrested, on January 10, 2014. Accordingly, the individual members of the Board of Police Commissioners cannot be held liable for any violations of unconstitutional policies or customs that were continued after the City assumed control of the Police Department. And, plaintiff has not alleged any official capacity claims, such as an unconstitutional policy or custom, against the City of St. Louis that would survive review in this action. *See Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 800 (8th Cir.1998) ("Liability for city officials in their official capacities is another form of action against the city, and it requires the same showing that a policy or custom caused the alleged violation.").

entitled to absolute immunity." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). Thus, plaintiff's feeling that there was insufficient evidence to swear out a warrant against him has no bearing on whether or not defendant Joyce acted in her discretion in his criminal case against him. Plaintiff is unable to bring a claim for malicious prosecution against defendant Joyce under the Constitution.

Similarly, the amended complaint fails to state a claim upon which relief can be granted against plaintiff's public defender, defendant David Staley, because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). As a result, plaintiff's § 1983 claims against defendant Staley are subject to dismissal.

In light of the aforementioned, plaintiff's § 1983 claims are all subject to dismissal. To the extent plaintiff believes he has state law claims remaining against the named defendants, these claims will be dismissed pursuant to 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process on plaintiff's amended complaint because it is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that to the extent plaintiff believes his amended complaint contains any state law claims, such claims are subject to dismissal pursuant to 28 U.S.C. § 1367(c)(3).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 27th day of April, 2016.

/s/ John A. Ross
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE